UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MICHAEL PARKINS,**          **CASE NO.**

    **Plaintiff,**

v.

**CARLOS DEL TORO,**
**In his official capacity as Secretary,**
**U.S. Department of the Navy**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, MICHAEL PARKINS, hereby sues Defendant, CARLOS DEL TORO in his official capacity as the Secretary of the U.S. Department of the Navy, and alleges:

## JURISDICTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e et seq. and under 42 U.S.C. §1981a and under the Rehabilitation Act, codified at 29 U.S.C. §794, et seq.. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights claim jurisdiction).

2. This is an action involving claims which are, individually, in excess of Seventy- Five Thousand Dollars ($75,000.00).

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, MICHAEL PARKINS, has been a resident of the State of Florida and employed by Defendant. Plaintiff is a member of a protected class because of his race and by dint actual or perceived physical or mental disability and/or record of impairment which Defendant is aware of. Further, Plaintiff reported Defendant's unlawful employment practices and has been retaliated against thereafter.

4. At all times pertinent hereto, Defendant, CARLOS DEL TORO, in his Official Capacity as the Secretary of the U.S. Department of the Navy, has been organized and existing under the laws of the United States. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant is Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began his employment with Defendant on February 1, 2004, and, at all times pertinent to this action, has worked as a Firefighter and Emergency Medical Technician ("EMT") at Defendant's Naval Support Activity ("NSA") facility in Panama City, Florida.

7. Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of his race and his actual or perceived physical or mental disability and/or record of impairment. Plaintiff has been retaliated against after reporting this discrimination.

8. The disparate treatment and retaliation came at the hands of specifically but not limited to Fire Chief Thad Mapledoram ("Mapledoram"), a white male; and Assistant Fire Chief Derrick Barber ("Barber"), a white male.

9. Defendant has a recorded history of discriminating against Plaintiff for his race and disability and for retaliation for reporting of Defendant's unlawful activities.

10. That discrimination began in primarily in 2021 and Plaintiff has a pending lawsuit pertaining to discrimination and retaliation at that time.

11. Since complaining about and reporting discrimination, additional adverse actions have been taken against Plaintiff in 2022. Specifically, Plaintiff suffered a work-related injury to his foot on January 30, 2022. Plaintiff filled out and submitted a CA-1 form (Federal Employee's Notice of Traumatic Injury and claim for Continuation of Pay/Compensation) to Barber on February 1, 2022. Defendant was aware of those injuries.

12. After filing the above referenced form, Plaintiff was advised by Occupational Health to go on light duty status. However, instead of crafting a plan to accommodate Plaintiff, which he requested, Defendant placed Plaintiff on traumatic injury leave until February 11, 2022.

13. Plaintiff returned to work on February 11, 2022 but still had pain in his foot, which he told Barber about. Plaintiff also provided Defendant with a medical note.

14. On February 15, 2022, Barber approached Plaintiff in his bunkroom to inform him it was gym time. In response, Plaintiff told Barber that he had an open workers' compensation claim and that he was still experiencing pain in his foot. Barber still directed Plaintiff to report to the gym. Once Plaintiff arrived at the gym, he worked on his upper body for about 15 minutes before leaving. This was an attempt to avoid further damaging his injured foot, however, Plaintiff still experienced pain.

15. This experience was not only physically painful for Plaintiff but it also triggered an emotional response in Plaintiff because it reminded him of the mistreatment he has experienced with Defendant in the past regarding an incident involving the gym.

16. Furthermore, the ordering of Plaintiff to the gym despite his injury is part of the ongoing retaliation because of his prior EEO activity and lawsuit.

17. One of Plaintiff's complaints has been that mandatory gym time has not been consistently enforced. On February 15, 2022, Barber directed Plaintiff under the authority that gym time was mandatory even though certain employees have been exempted. Chief Mapledoram was also aware of Barbers actions towards Plaintiff, yet took no actions to intervene on Plaintiff's behalf.

18. As a result of Barber's actions, Plaintiff called Naval Air Station Jacksonville Fire and Emergency Services (NAS JAX F&ES) to ask for guidance on what to do if his supervisors directed him to report the gym even though he is experiencing pain as a result of work place injury. Plaintiff was advised by an unidentified Station Lieutenant to speak with his union representative.

19. As a result of going to the NAS JAX F&ES, Barber had a face to face conversation with Plaintiff and counseled Plaintiff that he could not call the base fire department to complain about issues within his own department. Plaintiff responded that he would be taking sick leave.

20. Barber then informed Plaintiff by way of showing his computer that he was counseling Plaintiff. Plaintiff never received that any counseling in writing despite the Defendant's requirement to the contrary. This counseling was a direct response to Plaintiff reporting Barber's disregard for Plaintiff's injury to NAS JAX F&ES.

21. Thereafter, on March 9, 2022 Plaintiff was informed he was being charged with 12 hours of being Absent Without Leave (AWOL) for February 15, 2022. As previously mentioned, as a result of the injury pain and counseling, Plaintiff elected to take sick leave to rest. The sick leave was for the remainder of his shift (from 7:00 PM CST to 7:00 AM CST). Barber allowed for the leave and informed Plaintiff that Defendant had the personnel for Plaintiff to take leave. Plaintiff and Barber agreed that that he would take leave without pay (LWOP)

22. Despite these events, on March 9, 2022, Mapledoram emailed Plaintiff and informed him that he was being charged with 12 hours of AWOL by Barber. Plaintiff, however, believes it was Mapledoram who decided to charge Plaintiff with AWOL as Barber had already given verbal approval of LWOP.

23. The AWOL charges against Plaintiff comes after Plaintiff's filing of multiple EEO complaints and a lawsuit. As a result of the charges, Plaintiff was suspended for 14 days without pay. Plaintiff has audio evidence of Barber giving Plaintiff permission to take the requested LWOP.

24. Plaintiff appealed the 14-day suspension to the Executive Officer, Christine Cairoli and Labor Relations personnel Freda Moore. Moore instructed that Plaintiff could not be charged; however, Cairoli upheld the 14-day suspension. As a result, Barber wrote up the suspension and Mapledoram enforced it.

25. Furthermore, on February 11, 2022, Barber was delayed in submitting Plaintiff's CA-1 Form to the Commander, Navy Installations Command Federal Employees' Compensation Act (CNIC FECA) Office. Plaintiff submitted the form to Barber on February 1, 2022, and according to the Employee's Compensation Operation and Management (ECOMP), which is a tracking system that processes worker's compensation claims, Maria Darragh (Human Resources Specialist) received the paperwork on February 16, 2022. A timely submission would have been within 10 days.

26. Due to Barber's untimely submission, Plaintiff's continuation of pay (COP) did not take effect until March 1, 2022, resulting in a financial loss to Plaintiff in which he was forced to take two loans totaling $3,400.00 to cover his cost-of-living expenses. Additionally, despite the fact that Barber approved 288 hours of advanced sick leave and sent an email on March 15, 2022, informing Plaintiff that his next leave earning statement for the pay period ending March 26, 2022 would include retroactive pay for the period of time of February 16-26, 2022, Plaintiff has not received that repayment to date.

27. Conversely, Plaintiff learned that his white co-worker, Matthew Koenig, another firefighter, sustained a foot injury as well. In a phone conversation with Plaintiff, Koenig informed Plaintiff there was no delay in the submission of

Case 5:23-cv-00035-AW-MJF   Document 1   Filed 02/10/23   Page 8 of 15

Koenig's CA-1 Form. Ultimately, Barber's decision to delay Plaintiff's CA-1 Form comes after Plaintiff prior EEO filings.

28. Plaintiff has retained the undersigned to represent his interests in this case and is obligated to pay her a reasonable fee for her services. Defendant should be made to pay said fee and all costs associated with this action.

## COUNT I
## RACE DISCRIMINATION

23. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

24. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

25. Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race.

26. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

8

27. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

28. Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

29. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

30. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and impaired Plaintiff's right to make and enforce contracts.

31. The events set forth herein led, at least in part, to Plaintiff's termination.

32. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of 42 U.S.C. §1981a and 42 U.S.C. §2000e et seq.

33. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay,

interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

## COUNT II
## DISABILITY DISCRIMINATION

34. Paragraphs 1 through 28 above are re-alleged and incorporated herein

35. This count sets forth a claim for discrimination on the basis of Plaintiff's actual or perceived mental or physical disability and/ or record of impairment, brought under 29 U.S.C. §794, et seq.

36. Plaintiff has been a victim of discrimination on the basis of actual or perceived disability and/or record of impairment. During the course of Plaintiff's employment by Defendant, Plaintiff was treated differently than similarly situated employees who are non-disabled, not perceived as disabled, or do not have a comparable record of impairment to Plaintiff.

37. Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected a term, condition, or privilege of Plaintiff's employment with Defendant as those terms are used in the applicable statutes.

38. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

39. In essence, the actions of agents of Defendant, which were each condoned and/or ratified by Defendant, were disability/perceived disability-based and in violation of the laws set forth herein.

40. The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment by Defendant. The events set forth herein led, at least in part, to Plaintiff being assaulted, being placed in isolation in the workplace, and his different types of leave being exhausted.

41. Defendant's acts and omissions constituted intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

42. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present, and likely will continue into the future. Plaintiff is entitled to equitable/injunctive relief.

## COUNT III
## RETALIATION

43. Paragraphs 1 through 28 are re-alleged incorporated herein by reference.

44. This is an action against Defendant for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting his under 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981a.

45. Defendant is an employer as that term is used under the applicable statutes referenced above.

46. The foregoing unlawful actions by Defendant were purposeful.

47. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and has been the victim of retaliation thereafter.

48. The events set forth herein have led, at least in part, to adverse actions against Plaintiff.

49. Plaintiff is a member of a protected class because he reported unlawful employment practices and has been the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

50. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, lost opportunities, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## COUNT IV
## RETALIATION

51. Paragraphs 1 through 28 above are re-alleged and incorporated.

52. Defendant is an employer as that term is used under the applicable statutes referenced above.

53. This count sets forth a claim for unlawful retaliation under 29 U.S.C §794.

54. Defendant retaliated against Plaintiff for opposing Defendant's unlawful acts or practices or because Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing and adverse employment actions were then taken against Plaintiff.

55. Alternatively, Defendant coerced, intimidated, threatened, or interfered with Plaintiff's rights as a result of Plaintiff exercising or enjoying Plaintiff's rights or encouraging another to do so.

56. The foregoing unlawful actions by Defendant were purposeful.

57. Because of Plaintiff's reporting Defendant's unlawful behavior, Plaintiff was the victim of retaliation, as relayed in part above, including without limitation Plaintiff's Plaintiff being assaulted, being placed in isolation in the workplace, and his different types of leave being exhausted.

58. Plaintiff is a member of a protected class after reporting Defendant's unlawful employment practices and Plaintiff was a victim of retaliation thereafter.

There is a causal connection between the reporting of the unlawful employment practices and the adverse employment actions taken thereafter.

59. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages have occurred in the past, are occurring at present, and will likely continue into the future. Plaintiff is entitled to equitable/injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    (a)    that process issue and this Court take jurisdiction over this case;

    (b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

    (c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF